UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Marina E., | File No. 26-cv-377 (ECT/SGE) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration and Customs Enforcement; Daren K. Margolin, *Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; and David Easterwood, *Director, Fort Snelling Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

---

Maria Miller, Martin Law, Bloomington, MN, for Petitioner Marina E.

Ana H. Voss,[1] United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, Daren K. Margolin, Executive Office for Immigration Review, and David Easterwood.

---

Petitioner Marina E. is an Ecuadoran citizen who has resided in the United States since July 2007, when she entered the country without inspection. Pet. [ECF No. 1] ¶¶ 14,

---

[1] J. Cruz Rodriguez filed a response on behalf of the United State's Attorney's Office. *See* ECF No. 4. Mr. Rodriguez has not filed a notice of appearance in this action. *See* Dkt.

31–32.  Marina "did not have contact with immigration authorities upon entering the United States."  *Id.* ¶ 33.  "Respondents took [Marina] into custody on or about January 15, 2026."  *Id.* ¶ 34.  Marina "is currently in custody at the Henry Whipple Federal Building in Fort Snelling, MN."  *Id.* ¶ 14.  According to the Petition, "Respondents maintain that [Marina] is not eligible to seek a bond redetermination rehearing [sic] consistent with [8 U.S.C.] § 1226" and that she instead "is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."[2]  *Id.* ¶¶ 35–36.

Here, Marina challenges her detention under 28 U.S.C. § 2241.  *Id.* ¶ 7.  She claims she has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226 detainee (whose detention is discretionary and who is entitled to a bond hearing).  *Id.* ¶¶ 35–65; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework).  According to Marina, that misclassification and denial of a bond hearing violate her right to due process under the Fifth Amendment, the Administrative Procedure Act, 8 U.S.C. §§ 1225(b)(2) and 1226(a), and § 1226's implementing regulations.  Pet. ¶¶ 77–96.  She seeks a declaration that she is not subject to detention under 8 U.S.C. § 1225(b)(2); a declaration that her detention absent a bond hearing is unlawful under the Fifth Amendment; issuance of an order that Respondents provide a bond hearing pursuant to 8 U.S.C. § 1226(a); a determination that Respondents' administrative decision violates the Administrative Procedure Act; an order

---

[2]  Neither party provided the Court with Marina's Notice to Appear or the other paperwork we've usually received in these cases.  In this case, it doesn't matter.  In their very brief response to Marina's habeas petition, Respondents did not contest any of the facts alleged in the Petition.  *See* ECF No. 4.

directing the Fort Snelling Immigration Court not to follow the Board of Immigration Appeal's decision in *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025); reasonable attorneys' fees and costs; and an order enjoining her transfer out of the District of Minnesota during the pendency of this case. Pet. ¶¶ 73–76; *id.* at 29–30.

In a one-paragraph response, Respondents state that Marina's petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided," and argues that the petition fails on the merits for the same reasons set forth in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025). ECF No. 4. This raises an issue of statutory interpretation[3] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Marina has shown she has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025

---

[3] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Marina's petition by way of their response in *Avila*, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

3

WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir. 2025). Marina has lived in the United States for more than eighteen years. Her detention falls under § 1226 and not § 1225(b)(2).

For these reasons, Marina is subject to discretionary detention and entitled to a bond hearing.[4]

---

[4] In her reply, Marina argues for the first time that she is entitled to release "[b]ecause Respondents have failed to produce a warrant or any other exhibit that sets forth the proper basis for [Marina's] detention," and as a result, "the statutory requirements authorizing detention are not satisfied." ECF No. 5 at 1. The Petition does not allege that Marina was not provided with a warrant, *see* Pet., and thus her argument raised for the first time in reply will not be considered. Considering the Petition's resolution on statutory-interpretation grounds, Marina's remaining arguments will not be addressed.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Marina E.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2. Respondents are **ENJOINED** from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner, and Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 19, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court